UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HORTON,<br><br>        Plaintiff,<br><br>    v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>        Defendant. | Case No. 2:22-cv-01048-DAD-JDP (PS)<br><br>ORDER DISCHARGING THE AUGUST 26, 2022 ORDER TO SHOW CAUSE<br><br>ECF No. 7<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED<br><br>ECF No. 3<br><br>OBJECTIONS DUE IN 14 DAYS |

      Plaintiff Jason Horton, appearing pro se in this removal action, alleges violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Defendant Convergent Outsourcing, Inc. has filed a motion to dismiss. Now fully briefed, that motion is before the court.[1] I recommend that plaintiff's complaint be dismissed with leave to amend.

**Legal Standard**

      A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a

---

[1] On August 26, 2022, after plaintiff had failed to timely respond to defendant's motion, I issued an order to show cause why sanctions should not be imposed. ECF No. 7. In light of the opposition later filed by plaintiff, ECF No. 8, I will discharge the order to show cause.

1

1  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
2  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff
3  pleads factual content that allows the court to draw the reasonable inference that the defendant is
4  liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,
5  550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it
6  requires more than a sheer possibility that a defendant acted unlawfully.  *Id*.

7  For purposes of dismissal under Rule 12(b)(6), the court generally considers only
8  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly
9  subject to judicial notice, and construes all well-pleaded material factual allegations in the light
10 most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710
11 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Dismissal
12 under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or
13 (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d at 956.
14 Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.
15 *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

16 A statute of limitations defense "may be raised by a motion for dismissal or by summary
17 judgment motion." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  However,
18 "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable
19 statute of limitations only when the running of the statute is apparent on the face of the
20 complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.
21 2010) (internal quotation marks omitted).

22 **Discussion**

23 Plaintiff commenced this case in the Small Claims division of the California Superior
24 Court for the County of San Joaquin, alleging that defendant had violated various provisions of
25 the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA").
26 ECF No. 1-1.[2]  After plaintiff amended his complaint, defendant removed this action to this court

---

28 [2] Defendant requests that the court take judicial notice of the March 17, 2022 filing date. ECF No. 3-1 at 3 n.1.  The original complaint was not included with defendant's notice of

1   and filed the instant motion to dismiss. *Id.*; ECF No. 3. Defendant argues both that plaintiff's
2   allegations are insufficient to state a claim and that his claims are barred by the applicable statutes
3   of limitations. ECF No. 3-1 at 5-10.
4         Plaintiff's form complaint contains almost no factual allegations. *See* ECF No. 1-1. In
5   addition to a laundry list of alleged violations, he writes simply: "Defendant is in violation. I
6   would be seeking a minimum of $1,000 in damages per violation." *Id.* at 3, 4, & 8. The list of
7   violations contains no factual allegations; nowhere does he describe the acts or omissions that he
8   believes defendant to have taken in violation of the listed statutes. *Id.* at 8.[3] Even under the
9   liberal pleading standards accorded to pro se litigants, plaintiff's allegations are insufficient. *See*
10  *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983) ("Because the
11  complaint is vague, conclusory, and general and does not set forth any material facts in support of
12  the allegations, these claims were properly dismissed.").
13        Defendant also argues that plaintiff's complaint should be dismissed for failure to comply
14  with the applicable statutes of limitations. ECF No. 3-1 at 6-8. "An action under the FDCPA
15  may be brought 'within one year from the date on which the violation occurs.'" *Rotkiske v.*
16  *Klemm*, 140 S. Ct. 355, 358 (2019) (quoting 15 U.S.C. § 1692k(d)). "[A]bsent the application of
17  an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which
18  the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Id.* In
19  response a question on the form complaint—"When did this happen?"—plaintiff lists September
20  18, 2019. ECF No. 1-1 at 4. That date is two years, five months, and 27 days before March 17,

---

21  removal because it was never served upon defendants. *Id.* Defendant notes that the filing date of plaintiff's state court action, *Horton v. Convergent Outsourcing, Inc.*, No. STK-CV-SC-2022-0002002, is a matter of public record. *Id.* "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). I take notice that plaintiff commenced this action on March 17, 2022.

24  [3] In plaintiff's opposition, he lists several "actions" in a table alongside a list of provisions of the FCDPA and FCRA. *See* ECF No. 8 at 1. For instance, he writes, "[t]hey call you after 9pm at night or before 8am." *Id.* Because these statements are not included with the complaint, they are not properly considered in assessing the sufficiency of plaintiff's allegations. However, plaintiff is advised that, if he elects to file an amended complaint, his allegations will need to be even more specific and direct than in his opposition. For instance, at the very least he should plainly allege the acts that he believes violates the law, who took those actions and when they occurred, and he should state precisely how he was harmed as a result.

2022—when plaintiff commenced this action. *See supra* note 2. Therefore, as currently pled, plaintiff's FDCPA claims appear to be barred by the applicable statute of limitations.

An FCRA claim must be brought before the earlier of: "2 years after the date of discovery by the plaintiff of the violation" or "5 years after the date on which the violation . . . occurs." 15 U.S.C. § 1681p. The two-year statute of limitations starts running when a plaintiff discovers the violation or when a "reasonably diligent plaintiff would have discovered" the violation. *Merck & Co. v. Reynolds*, 559 U.S. 633, 644 (2010); *see Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012). Plaintiff's form complaint does not allege a date of discovery—or any facts from which to glean a date of constructive discovery—distinct from the alleged date that they occurred. *See* ECF No. 1-1. Therefore, the untimeliness of plaintiff's FCRA claims is not "apparent on the face of the complaint." *Von Saher*, 592 F.3d at 969.[4]

Since there appears to be some possibility that an amended complaint could correct the shortcomings of the current one, I recommend that the court grant plaintiff leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (holding that district courts must afford pro se litigants an opportunity to amend if it appears possible that they can correct the deficiencies in their complaint). Allowing amendment is particularly warranted where, as here, plaintiff is pro se, and his amended complaint was pled on a form from the Small Claims court, which is not conducive to federal pleading requirements. *See* Fed. R. Civ. Pro. 8 (a). If plaintiff elects to file a second amended complaint, he will need to assert each claim and allege defendant's involvement in sufficient factual detail. *Cf. Iqbal*, 556 U.S. at 678 (explaining that plaintiffs must plead enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The complaint should also plead a factual and legal basis for concluding that this action is timely. The complaint should be

---

[4] Defendant argues for an inference that plaintiff discovered the alleged violations on the date they occurred—more than two years before the date that plaintiff commenced this action. *See* ECF No. 3-1 at 7. Drawing such an inference would be improper since, in deciding a motion to dismiss, the court must view all allegations and draw all inferences in the light most favorable to the non-moving party. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file a second amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that the August 26, 2022 order to show cause, ECF No. 7, is discharged.

Further, it RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 3, is granted.

2. Plaintiff's first amended complaint, ECF No. 1-1, is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of any order adopting these findings and recommendations to file a second amended complaint.

4. The clerk's office is directed to send plaintiff a complaint form.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    January 20, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE